## DURATION OF CONTRACT OF EMPLOYMENT.

Circuit Court of Hamilton County.

THE LOUIS LIPP COMPANY v. WM. H. FENNELL.

Decided, December 4, 1909.

*Employment—Breach of Contract for—Construction of Agreement— Words and Phrases.*

The contract of employment relied upon in this case was for a term of at least one year.

*Cobb, Howard & Bailey*, for plaintiff in error.
*Pogue & Pogue, contra.*

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The defendant in error, a traveling salesman, was employed by the plaintiff in error by written proposal and acceptance as follows:

"I am willing to start in with you at $2,200 for the first year, and I will guarantee you will not lose by it."

Answer: "We are willing to try the proposition you make us and would ask you to make arrangements to start July 1st."

The salesman evidently expected the employment to continue for a longer period than one year; but the proposal is limited to one year "at $2,200." The word "at" is suitable to express "value" as well as "rate," and was so used, we think, in this case. If any emphasis is to be given the verb "to try" it must be applied to the period mentioned in the proposal, to-wit, the first year.

Both parties evidently regarded the trial period as one year, the salesman offering to *start in* for one year at $2,200 and the employer agreeing to *try* him for that period.

Our conclusion is that the contract was for at least a year's service. Of course this did not prevent his discharge for good cause; but the jury has found against the plaintiff in error upon that issue.

The court did not err in refusing the third special instruction requested by defendant.

Finding no error of record the judgment is affirmed.